In the Matter of HELEN A. TOWNSON, Appellant, v ANDREW J. TOWNSON, II, Respondent.—Order unanimously modified in accordance with memorandum and as modified affirmed, with costs to appellant. Memorandum: In Family Court, Monroe County, petitioner sought modification of a Texas decree of divorce only with respect to its provisions for support payments for the two children of the marriage, who are now 15 and 13 years of age respectively, the custody of whom was awarded to petitioner. Change of circumstances is the basis for the application. The divorce was granted in 1968, and the record shows that at that time, relatively, respondent's financial circumstances were not good. Thereafter an *inter vivos* trust which his parents had created for respondent was augmented by a distribution amounting to over $710,000. Change of circumstances and jurisdiction of Family Court to modify the Texas decree were conceded; and the question presented to Family Court was the extent of the modification to be made in light of the children's needs and respondent's financial capability. Admittedly, petitioner's health is such that she cannot seek employment, and she is without assets except for an automobile and some household furnishings. Respondent's annual income from two trusts amounts to about $33,000. He has stock dividends of $480 per year. He has a controlling interest in a furniture company in Texas which has four stores, and in which his present wife and one other person own the remaining shares of stock. Prior to 1974 respondent received $2,400 per year income from this company, but because of the company's financial difficulties, he received no income therefrom in 1975, except that it paid his medical insurance and some of his traveling expenses. The company also owes him $60,000. Respondent has a commercial airline pilot's license and prior to 1973 he earned in excess of $10,000 annually from such employment. The Texas decree directed respondent to pay to petitioner $125 per month for the support of each of the two children. Respondent voluntarily increased these monthly payments to $150 per month, for each child, and since the death of the settlor of his trusts, respondent bought a home in Pittsford, New York, in which petitioner and the children have lived. He mortgaged the property on purchasing it and makes monthly payments thereon. On July 31, 1975 the court granted a temporary order modifying the Texas divorce decree by directing respondent to pay to petitioner for the support of the two children the sum of $500 per month, except that it authorized and directed him to deduct therefrom the amount of the mortgage loan monthly payments. On September 5, 1975 the court granted its final order from which petitioner appeals, in which it directed respondent to pay petitioner the sum of $500 per month for the support of the two children and also pay all reasonable medical, hospital and dental expenses for them. It further directed that respondent pay the

monthly mortgage loan payments on the residence which he was providing for petitioner and the children, less $100 per month "as Petitioner's share of shelter", apparently because petitioner gets the benefit of the home while also caring for the children therein, thus, in effect, putting the burden on the children to pay that amount to support their mother, since she has no income or assets. Respondent has remarried and continues to live in Texas, a community property State. He argued and the court held that, therefore, his wife owns one half of his income, so that in considering his ability to pay, the court should reduce his income by one half. If we assume that respondent is correct in his contention, we must then deduct from his asserted living expenses those which he has listed for the support of his present wife and her children by a prior marriage, because the record shows that she owns a home in Texas, one half of a condominium in Florida and stock in respondent's furniture company besides her assumed one-half interest in his income. Prior to the institution of this proceeding respondent was paying the utilities on the Pittsford home for his children, plus the medical expenses and monthly support payments. It appears that petitioner's affidavit of the budgetary needs of the children are excessive in some respects, especially as to automobile expenses which have been duplicated by estimating car insurance and depreciation as well as 12 cents per mile for car operation. Since respondent is furnishing a home for the children, we determine that the order of Family Court should be modified to direct that so long as he continues to furnish such home, without the utilities, he shall also pay to petitioner for the support of the two children the sum of $700 per month and pay all reasonable medical, hospital and dental expenses for them; and as so modified the order is affirmed. (Appeal from order of Monroe County Family Court modifying divorce decree.) Present— Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.